UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT *<br>OF KIRBY INLAND MARINE, LP         *<br>OWNER OF THE M/V MISS SUSAN,      *<br>KIRBY 27705, KIRBY 27706          *<br>PETITIONING FOR EXONERATION       *<br>FROM OR LIMITATION OF LIABILITY   *<br>                                  *<br>                                  * | CIVIL ACTION NO. 14-1321<br><br>ADMIRALTY<br><br><br>Pursuant to Rule 9(h) of the<br>Federal Rules of Civil Procedure |

* * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT AND PETITION FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

COMES NOW KIRBY INLAND MARINE, LP, Petitioner and Owner of the M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706 files this Complaint and Petition for Exoneration From or Limitation of Liability, and would show unto this Honorable Court the following:

**I.**

**Vessel Owner**

1.   Kirby Inland Marine, LP ("Kirby"), as owner and operator of the M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706, has brought this action for exoneration from or limitation of liability, civil and maritime, within the meaning of 46 U.S.C. § 30501 *et seq.*, Supplemental Rule F of the Federal Rules of Civil Procedure, and pursuant to the Federal laws and rules governing Admiralty and Maritime Claims.

2.   At all times pertinent hereto, Kirby Inland Marine, LP, was and is a limited partnership organized and existing under the law of the State of Texas. Petitioner was at all times material hereto the owner of the M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706.

3.   At all times hereto the M/V MISS SUSAN, KIRBY 27705, AND KIRBY 27706 were vessels of the United States and were tight, staunch, strong, fully and properly manned, equipped, supplied, and in all respects seaworthy and fit for the service in which they were engaged.

## II.

### Background/Facts

4. The M/V MISS SUSAN commenced a transit on or about March 22, 2014 in the vicinity of Texas City, Texas, destined for Bolivar, Texas with the KIRBY 27705 and KIRBY 27706 in tow. During the course of said transit, on or about March 22, 2014, the M/V MISS SUSAN and its tow was involved in a collision with the M/V SUMMER WIND in the vicinity of the Texas City Y of the Houston Ship Channel, Texas causing damage to each of the vessels. The owner and manager of the M/V SUMMER WIND filed a Verified Complaint for Exoneration from or Limitation of Liability on April 7, 2014 in the United States District Court for the Southern District of Texas, Houston Division, C. A. No. 4:14-cv-00907 (C.A. 3:14-CV-00134) in connection with the above-referenced incident. Numerous claims for commercial and personal loss, and personal injury allegedly resulting from the collision have been asserted in response to that Verified Complaint. (A copy of the Verified Complaint for Exoneration from or Limitation of Liability is attached as Exhibit "A".)

5. Additionally, a lawsuit was filed on March 24, 2014, naming Petitioner as a Defendant: *3G Fishing Charters, LLC, et al v. Kirby Inland Marine, LP and Cleopatra Shipping Agency Ltd.,* In the United States District Court for the Southern District of Texas. (A copy of the Petition is attached as Exhibit "B".)

6. Additionally, a lawsuit was filed on March 28, 2014, naming Petitioner as a Defendant: *William John Patton, et al v. Kirby Inland Marine, LP and Cleopatra Shipping Agency Ltd.,* In the United States District Court for the Southern District of Texas. (A copy of the Petition is attached as Exhibit "C".)

7.   Additionally, a lawsuit was filed on April 3, 2014, naming Petitioner as a Defendant: *Richard Gilmore, et al v. Kirby Inland Marine, LP and Cleopatra Shipping Agency Ltd.*, In the United States District Court for the Southern District of Texas. (A copy of the Petition is attached as Exhibit "D".)

8.   Additionally, a lawsuit was filed on April 11, 2014, naming Petitioner as a Defendant: *Sandrica Garrett v. Kirby Inland Marine, LP; and Cleopatra Shipping Agency Ltd.*, In the Galveston County Court at Law No. 3. (A copy of the Petition is attached as Exhibit "E".)

9.   The aforesaid incident and resulting loss, damage, and injury, if any, was neither caused nor contributed to by any fault or neglect on the part of Kirby Inland Marine, LP, nor anyone for whose acts Kirby Inland Marine, LP is or may be responsible. Rather, the incident was caused solely by the fault and/or neglect of parties and/or vessels for whose actions Kirby Inland Marine, LP is not responsible and/or by conditions for which Kirby Inland Marine, LP is not responsible.

10.   Kirby Inland Marine, LP denies that it or the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706, or any other persons or property for whom or for which Kirby Inland Marine, LP may be responsible, are liable to any extent.  Kirby Inland Marine, LP specifically denies any and all liability for any claims for loss, damage, injury, or destruction occasioned by or resulting from the matters and happenings recited above and aver that it has a valid defense to any such claims. Kirby Inland Marine, LP contests its liability for any such claims and further avers that it is entitled to a decree exonerating it from liability.

11.   Kirby Inland Marine, LP would further show that any and all aforementioned losses, damages, or injuries were occasioned and incurred without fault on the part of Kirby Inland Marine, LP and without Kirby Inland Marine, LP's privity or knowledge. Should this Honorable Court, however, adjudge that Kirby Inland Marine, LP is liable to any extent, then Kirby Inland Marine, LP claims the benefits of the Limitation of Liability Act, set forth in Sections 30501

through 30512 of Title 46 of the United States Code, and of all statutes amendatory thereof and supplementary thereto.

### III.

### Value of Vessel/Surety

12.  At the termination of the transit aforesaid, the value of the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706 and pending freight, of which there was none, did not exceed ***FIVE MILLION, ONE HUNDRED FIFTY THOUSAND AND NO/100th DOLLARS ($5,150,000.00).*** The M/V MISS SUSAN's value, on March 22, 2014, as evidenced by the Affidavit of Value attached as Exhibit "F", was ***(1,900,000.00).*** The KIRBY 27705's value, on March 22, 2014, as evidenced by the Affidavit of Value attached as Exhibit "G", was ***($1,800,000.00).*** The KIRBY 27706's value, on March 22, 2014, as evidenced by the Affidavit of Value attached as Exhibit "H", was ***($1,450,000.00).*** The M/V MISS SUSAN had no pending freight on March 22, 2014, thus, the value of pending freight is zero dollars.

13.  Kirby Inland Marine, LP avers that the amount of the damages and/or claims herein above described and all other possible claims against Kirby Inland Marine, LP, the M/V MISS SUSAN, and its tow may possibly exceed the amount or value of Kirby Inland Marine, LP's interest in the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706 and pending freight, of which there is none, the combined value of which was ***($5,150,000.00)*** at the time of the casualty.

14.  Kirby Inland Marine, LP offers and files contemporaneously herewith a Stipulation of Value and Letter of Undertaking ("LOU") for the deposit into this Honorable Court of the aggregate amount of Kirby Inland Marine, LP's interest in the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706 at the termination of her transit as aforesaid, with interest at the rate of six percent (6%) per annum from the date of the deposit of the Surety as may be ascertained and determined to be necessary under any orders of this Honorable Court.

15. Kirby Inland Marine, LP avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the voyage referred to above, so far as is known to Kirby Inland Marine, LP.

16. Kirby Inland Marine, LP, as owner of the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706, claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforementioned occurrence. Kirby Inland Marine, LP further avers that it has valid defenses to the merits of any and all such claims. Kirby Inland Marine, LP specifically claims the benefits of the Limitation of Liability Act, as set forth in Sections 30501 through 30512 of Title 46 of the United States Code and all statutes amendatory thereof and supplementary thereto. Kirby Inland Marine, LP further specifically avers that this Complaint for Exoneration from and/or Limitation of Liability asserted herein is filed not only on its behalf, but also on behalf of its liability underwriters, which shall be entitled to exoneration from and/or limitation of liability to the same extent as Kirby Inland Marine, LP, and whose liability, if any, shall accordingly not exceed Kirby Inland Marine, LP's liability, if any.

### IV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Petitioner prays as follows:

a. That this Honorable Court enter an Order approving as to quantum, form and surety, the Letter of Undertaking filed by Kirby Inland Marine, LP herein in the amount of *($5,150,000.00)*, with six (6%) percent per annum interest from the date of such Stipulation, pending any appraisement as may be ordered by the Court of the amount of Kirby Inland Marine, LP's interest in said vessel and its pending freight;

b.     That, upon the filing of the foregoing Security, Stipulation of Value, Letter of Undertaking, and Affidavits of Value with Valuation Surveys, this Court enter an Order issuing an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Kirby Inland Marine, LP and its insurers and underwriters, or against the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706, or any other property owned by Kirby Inland Marine, LP, other than in these proceedings;

c.     That the Court enter an Order to cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

d.     That the Court adjudge that Kirby Inland Marine, LP, its insurers and underwriters, and/or the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706, are not liable for any damages, demands, or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

e.     That, in the alternative, if this Court should adjudge that Kirby Inland Marine, LP, or its insurers or underwriters, are liable to any extent in the premises of the foregoing Complaint, the Court then adjudge that the liability of Kirby Inland Marine, LP and its insurers or underwriters shall be limited to the amount of their interest in the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706, and pending freight, of which there was none, if any, at the time of the incident aforesaid; and in such event, the amount representing the value of Kirby Inland Marine, LP's interest in the M/V MISS SUSAN, KIRBY 27705, and KIRBY 27706, shall be divided pro rate among the claimants having made due proof of their respective claims; and that a decree be entered

discharging Kirby Inland Marine, LP and its insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Kirby Inland Marine, LP, its insurers or underwriters, in consequence of, arising out of, or connected with the matters and happenings recited in the above and foregoing Complaint; and

f.  That Kirby Inland Marine, LP may have such other and further relief in the premises as may be just and proper.

Respectfully Submitted,

STEPP & SULLIVAN, P.C.

/s/ *Jad J. Stepp*
Jad J. Stepp
State Bar No. 19169100
Dennis J. Sullivan
State Bar No. 19473750
1010 Lamar Street, Suite 810
Houston, Texas 77002
Telephone:  (713) 336-7200
Facsimile:   (713) 336-7205

**ATTORNEYS FOR
KIRBY INLAND MARINE, L.P.**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of Stepp & Sullivan, P.C., and that a true and correct copy of the foregoing document was served on counsel of record as noted below on this, the 13th day of May 2014.

***Via E-mail: georgantas@chaffe.com***
***& CM/RRR***
Mr. Dimitri P. Georgantas
CHAFFE MCCALL, L.L.P.
801 Travis Street, Ste. 1910
Houston, Texas 77002

***Via E-mail: sorourke@solawpc.com***
***& CM/RRR***
Sean E. O'Rourke
SIMON-O'ROURKE LAW FIRM, P.C.
11550 Fuqua, Ste. 360
Houston, Texas 77034

***Via E-mail: tbuzbee@txattorneys.com***
***& CM/RRR***
Anthony G. Buzbee
THE BUZBEE LAW FIRM
Caroline E. Adams
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002

***Via E-mail: dicky@grigg-law.com***
***& CM/RRR***
Dicky Grigg
Rick Leeper
SPIVEY & GRIGG, L.L.P.
48 East Avenue
Austin, Texas 78701

***Via E-mail: Fcdlaw@aol.com***
***& CM/RRR***
Frank C. Dudenhefer, Jr.
The Dudenhefer Law Firm, L.L.C.
5200 St. Charles Ave.
New Orleans, La 70115

***Via E-mail: calvinfayard@fayardlaw.com***
***& CM/RRR***
Calvin C. Fayard, Jr.
Calvin C. Fayard, Jr. APC
519 Florida Avenue, SW
Denham Springs, La 708726

***Via E-mail: nwexler@arnolditkin.com***
***& CM/RRR***
Noah M. Wexler
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas   77007

                                                            */s/ Jad J. Stepp*
                                                            Jad J. Stepp